IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05cv332-A |
| | ) | WO |
| LEWIS McKENZIE | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. 4) addressing the claims presented by the movant, Lewis McKenzie, in his 28 U.S.C. § 2255 motion. In its response, the government argues that McKenzie's claims that there was insufficient evidence to support his convictions are procedurally barred because the claims were raised and disposed of on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). In addition, the government argues that McKenzie's claim that he was actually innocent of violating 18 U.S.C. § 924(c)(1) amounts to nothing more than a sufficiency-of-the-evidence claim, a claim raised and disposed of on direct appeal. The government further argues that McKenzie's claim that he was improperly sentenced as an armed career criminal is procedurally barred because the claim could have been, but was not, raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The government also argues that even if McKenzie's substantive claims are not procedurally barred, they lack merit and entitle him to no relief. Finally, the government argues that the claims of ineffective assistance of counsel presented by McKenzie are without factual support and rest on allegations that fail to establish either deficient performance or prejudice

within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

A procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the movant fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a movant's federal constitutional claim where the movant is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before July 12, 2005, McKenzie may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after July 12, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

McKenzie is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that McKenzie is entitled

to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When McKenzie attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. McKenzie is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 27th day of June, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE