IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 3:05cv332-WHA |
| | ) | (WO) |
| LEWIS McKENZIE | ) | |

**ORDER ON MOTION**

On December 26, 2006 (Doc. No. 12.), the movant, Lewis McKenzie, filed a pleading styled as a "Second Motion for Leave to Supplement the Record Pursuant to Federal Rule Civil Procedure Rule 15(a)."[1] The court construes this pleading to contain a *motion for leave to amend* the movant's 28 U.S.C. § 2255 motion to assert new claims that **(1)** the trial court failed to give adequate consideration to the factors set forth in 18 U.S.C. § 3553(a) when sentencing the movant; **(2)** the trial court erred in considering the movant's prior burglary and controlled substance convictions when sentencing him as an armed career criminal because such prior convictions **(a)** involved neither violent felony offenses nor serious drug offenses and **(b)** were all over fifteen years old; and **(3)** his counsel rendered ineffective assistance by **(a)** failing to argue that the trial court did not consider the factors set forth in

---

[1] Although the motion is date stamped "received" on January 4, 2007, it was signed by the movant on December 26, 2006. A *pro se* inmate's motion is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the movant's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court assumes that December 26, 2006, should be considered the date of filing for the instant motion.

18 U.S.C. § 3553(a) when imposing his sentence and **(b)** failing to argue that his prior controlled substance convictions could not be used as a basis for sentencing him as an armed career criminal because they were not serious drug offenses.[2]

Fed.R.Civ.P. 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Because the movant's conviction became final on April 14, 2004, he had until April 14, 2005, to file a § 2255 motion that was timely under the one-year period of limitation provided for by 28 U.S.C. § 2255.  He filed his § 2255 motion on April 7, 2005.  Accordingly the claims in his original § 2255 motion were timely raised.  The instant *motion for leave to amend*, however, was filed on December 26, 2006 – over nineteen months after the expiration of § 2255's one-year deadline.  Thus, the movant's new claims are untimely under the one-year period of limitation and are barred unless they "relate back" under Fed.R.Civ.P. 15(c).

A review of the movant's original § 2255 motion indicates that although his original motion contains several substantive claims and allegations of ineffective assistance of

---

[2]The movant's motion also contains supplemental matters in support of claims that he presented in his original § 2255 motion.  The instant order does not address those supplemental matters.

counsel, his newly asserted substantive claims and allegations of ineffective assistance clearly do not arise from the same set of facts as the substantive claims and allegations of ineffective assistance contained in his original motion, but arise instead from separate conduct and occurrences in both time and type. Thus, the movant's new claims do not "relate back" under Fed.R.Civ.P. 15(c) and are barred because they are untimely under § 2255's one-year period of limitation. *See Davenport, supra*, 217 F.3d at 1346 (new ineffective assistance of counsel claims raised in movant's amended § 2255 motion and arising from conduct and occurrences separate from that implicated in ineffective assistance claims contained in movant's original § 2255 motion held not to relate back under Rule 15(c)). *See also Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003)*; Pruitt v. United States,* 274 F.3d 1315, 1319 (11th Cir. 2001).

Accordingly, for the foregoing reasons, it is

it is

ORDERED that the *motion for leave to amend* (Doc. No. 12) be and is hereby DENIED.

Done this 5th day of January, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE